

1  JINA L. CHOI (N.Y. Bar No. 154425)
2  SHEILA E. O'CALLAGHAN (Cal. Bar No. 130132)
     ocallaghans@sec.gov
3  ERIC M. BROOKS (Cal. Bar No. 209153)
     brookse@sec.gov

4

5  Attorneys for Plaintiff
   SECURITIES AND EXCHANGE COMMISSION
6  44 Montgomery Street, Suite 2800
   San Francisco, California  94104
7  Telephone:  (415) 705-2500
   Facsimile:  (415) 705-2501

8

9

10               UNITED STATES DISTRICT COURT

11             NORTHERN DISTRICT OF CALIFORNIA

12                    SAN JOSE DIVISION

13

14  SECURITIES AND EXCHANGE COMMISSION,        Case No. 10-cv-04535-LHK

15          Plaintiff,                         [~~PROPOSED~~] FINAL JUDGMENT
                                               AS TO DEFENDANT BETH PIÑA
16      vs.

17  BARBRA ALEXANDER, BETH PIÑA, MICHAEL E.
    SWANSON, AND APS FUNDING, INC.,
18
            Defendants.
19

20

21

22

23

24

25

26

27

28

The Securities and Exchange Commission ("Commission"), having filed a Complaint and Defendant Beth Piña ("Defendant"), having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment; waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that Defendant is permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by the use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud; or

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission  of a  material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

II.

IT IS FURTHER ORDERED ADJUDGED AND DECREED that Defendant is permanently restrained and enjoined from violating directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5

[Proposed] Final Judgment Against Beth Piña
SEC v. Alexander, et al.
Case No. 10-cv-04535-LHK

2

promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

      (a)      to employ any device, scheme, or artifice to defraud;

      (b)      to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

      (c)      to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

III.

IT IS HEREBY FURTHER ORDERED that Defendant is liable for disgorgement of $325,309, representing profits gained as a result of the conduct alleged in the complaint, together with prejudgment interest thereon in the amount of $16,122.25, for a total of $341,431.25. Defendant's payment of disgorgement and prejudgment interest is deemed satisfied by the order requiring Defendant to pay restitution in *United States v. Beth Piña*, Crim. No. CR-10-11730-LHK (N.D. Cal.) (the "Parallel Criminal Action").

[Proposed] Final Judgment Against Beth Piña
SEC v. Alexander, et al.
Case No. 10-cv-04535-LHK

3

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the complaint are true and admitted by Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

VI.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated __ June 15, 2015

_____
*Lucy H. Koh*
United States District Judge

[Proposed] Final Judgment Against Beth Piña
SEC v. Alexander, et al.
Case No. 10-cv-04535-LHK

4