JINA L. CHOI (N.Y. Bar No. 154425)
SHEILA E. O'CALLAGHAN (Cal. Bar No. 130132)
  ocallaghans@sec.gov
ERIC M. BROOKS (Cal. Bar No. 209153)
  brookse@sec.gov

Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
44 Montgomery Street, Suite 2800
San Francisco, California  94104
Telephone:  (415) 705-2500
Facsimile:  (415) 705-2501

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>BARBRA ALEXANDER, BETH PIÑA, MICHAEL E. SWANSON, AND APS FUNDING, INC.,<br><br>　　　　　Defendants. | Case No. 10-cv-04535-LHK<br><br>**NOTICE OF VOLUNTARY DISMISSAL OF CLAIMS AGAINST DEFENDANT APS FUNDING, INC.** |

Plaintiff's Not. of Voluntary Dismissal
SEC v. Alexander, et al.
Case No. 10-cv-04535-LHK

Pursuant to Federal Rule of Civil Procedure 41(a)(1), plaintiff Securities and Exchange Commission ("Commission") hereby voluntarily dismisses its claims for disgorgement and prejudgment interest against APS Funding, Inc. ("APS Funding").  Federal Rule of Civil Procedure 41(a)(1) permits a plaintiff to dismiss claims voluntarily where the opposing party, such as the defendant APS Funding here, has not filed an answer or summary judgment motion with the Court.

The Commission filed this case on October 7, 2010 against APS Funding, Barbra Alexander, Michael Swanson and Beth Piña.  A day earlier, on October 6, 2010, the United States Attorney filed a criminal indictment against the three individual defendants concerning the same events.  *See U.S. v. Alexander, et al.*, Case No. 5:10-cr-00730-LHK.  At the request of the defendant Michael Swanson, and before the defendants including APS Funding had filed an answer, the Court stayed the Commission's case pending resolution of the criminal proceeding.  ECF Nos. 25 and 28.  While the stay was in place, the Commission filed the consent of APS Funding to an entry of permanent injunction as well as a stipulated proposed order ("Order").  ECF Nos. 35 and 36.  On May 10, 2011, the Court entered the Order resolving the Commission's claims for injunctive relief against APS Funding.  ECF No. 38.  The only remaining issue was whether to seek disgorgement and prejudgment interest from APS Funding.

In the interim, the three defendants charged in both civil and criminal cases either pled guilty (in the case of Beth Piña) or were convicted after a jury trial (in the case of both Swanson and Alexander).  *U.S. v. Alexander et al.*, 10-cr-00730, ECF Nos. 327, 328 and 359.  Subsequently, the Court lifted the stay and ordered defendants to file answers by November 25, 2014, which none of the defendants did.  ECF No. 57.[1]  Trial in this case is set to begin on August 24, 2015.  *Id.*

The Commission has taken steps to conclude the case against all defendants.  The Commission settled the entire action pending against defendant Beth Piña and submitted a Final

---

[1]  It appears that counsel for APS Funding did not make an appearance and therefore APS Funding is not represented in this case.  (*See* Docket in *SEC v. Alexander*).

Plaintiff's Not. of Voluntary Dismissal
SEC v. Alexander, et al.
Case No. 10-cv-04535-LHK

2

Judgment, which the Court entered on June 15, 2015. ECF No. 82. The Commission also filed a motion for summary judgement against Swanson and Alexander on April 30, 2015 and requested that the Court find no issue of material fact as to the claims and enter a judgment against both ordering the relief sought by the Commission. ECF No. 64. Should the Court grant summary judgment in the Commission's favor and award the relief requested in the motion, this would resolve the Commission's case against Swanson and Alexander.

As noted above, the only other remaining issue relates to the Commission's pending claim against APS Funding, which was to be decided upon a motion of the Commission, seeking an order imposing disgorgement, setting a disgorgement amount, and interest thereon. ECF No. 38, IV. However, rather than bring the motion, the Commission is voluntarily dismissing that claim. Such dismissal is in APS Funding's best interests because it is relieved of a potential money judgment which the company does not appear to be in a position to pay. APS Funding has been suspended by the California Franchise Tax Board for failure to pay state taxes and any assets possessed at the outset of the litigation have been sold to pay expenses. Finally, dismissal of the claims has the added benefit of resolving the Commission's case against APS Funding in its entirety.

Because APS Funding did not file an answer and in light of its current status, the Commission hereby dismisses its claim for disgorgement and prejudgment interest against APS Funding, pursuant to Federal Rule of Civil Procedure 41(a)(1).

Dated:  June 22, 2015                            Respectfully submitted,


　　　　　　　　　　　　　　　　　　　　　 /s/ *Sheila E. O'Callaghan*
　　　　　　　　　　　　　　　　　　　　　Sheila E. O'Callaghan
　　　　　　　　　　　　　　　　　　　　　Attorney for Plaintiff
　　　　　　　　　　　　　　　　　　　　　SECURITIES AND EXCHANGE COMMISSION

Plaintiff's Not. of Voluntary Dismissal
SEC v. Alexander, et al.
Case No. 10-cv-04535-LHK

3